# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

```
-----------------------------x
                             :
ELDINA E. LOCKWOOD           :   Civ. No. 3:15CV01026(AWT)
                             :
v.                           :
                             :
CAROLYN W. COLVIN, ACTING    :
COMMISSIONER, SOCIAL SECURITY :  November 23, 2016
ADMINISTRATION               :
                             :
-----------------------------x
```

## RULING ON PLAINTIFF'S MOTION FOR AWARD OF FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT

Plaintiff Eldina E. Lockwood ("plaintiff") filed an application for Disability Insurance Benefits on May 7, 2013, alleging disability beginning May 23, 2011. (Certified Transcript of the Administrative Record, compiled on August 6, 2015, (hereinafter "Tr.") at 170-71). After a hearing before an Administrative Law Judge ("ALJ"), the ALJ denied plaintiff benefits on July 25, 2014. See Tr. 38-51. Following the exhaustion of her administrative remedies, the plaintiff filed the Complaint in this case on July 6, 2015. [Doc. #1]. On September 8, 2015, the Commissioner filed her Answer and the official transcript. [Doc. #10]. On December 18, 2015, plaintiff filed a Motion to Reverse and/or Remand, together with a memorandum in support ("motion to reverse"). [Docs. ##15, 16]. On March 4, 2016, defendant filed a Motion to Affirm the

1

Decision of the Commissioner, together with a memorandum in support ("motion to affirm"). [Doc. #21].

On August 9, 2016, the undersigned issued a Recommended Ruling granting plaintiff's motion to remand for a new hearing, and denying defendant's motion to affirm. [Doc. #23]. The Court found that this matter should be remanded to the Commissioner for the limited purpose of addressing "the question of Dr. Persico's opinion regarding environmental limitations[,]"  and "to revisit the issue of whether limitations in exposure to environmental irritants and temperature extremes should be included in the RFC, based on Dr. Persico's opinion, and to then proceed to reconsideration of the analysis at step four, and if necessary, step five." Doc. #23 at 18. On September 1, 2016, Judge Alvin W. Thompson accepted the undersigned's Recommended Ruling. [Doc. #24]. Judgment was entered on September 14, 2016. [Doc. #25].

On November 3, 2016, plaintiff filed a Motion for Attorney Fees Under the Equal Access to Justice Act ("EAJA"), together with a memorandum in support, an affidavit of net worth, an affidavit in support, and an itemization of time. [Doc. #26]. Plaintiff's motion seeks an award for attorney fees under the EAJA in the amount of $4,661.34, and costs in the amount of $400.00. See Doc. #26 at 1. On November 21, 2016, defendant

filed a Stipulation for Allowance of Fees under the Equal Access to Justice Act, agreeing to an award of $3,430.50 in attorney fees and $400.00 in costs.

Although the parties have reached an agreement as to the appropriate award of fees in this matter, the Court is obligated to review the fee application and determine whether the proposed fee award is reasonable. "[T]he determination of a reasonable fee under the EAJA is for the court rather than the parties by way of stipulation." Pribek v. Sec'y, Dep't of Health & Human Servs., 717 F. Supp. 73, 75 (W.D.N.Y. 1989) (quotation marks and citation omitted); see also Rogers v. Colvin, No. 4:13CV945(TMC), 2014 WL 630907, at *1 (D.S.C. Feb. 18, 2014); Design & Prod., Inc. v. U.S., 21 Cl. Ct. 145, 152 (1990) (Under the EAJA, "it is the court's responsibility to independently assess the appropriateness and measure of attorney's fees to be awarded in a particular case, whether or not an amount is offered as representing the agreement of the parties in the form of a proposed stipulation."). The Court therefore has reviewed the plaintiff's application for fees to determine whether the stipulated amount is reasonable.

For the reasons set forth herein, the plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act [Doc. #26] is **GRANTED**, for the stipulated amount of **$3,430.50 in**

3

**fees and $400.00 in costs.**

**DISCUSSION**

A party who prevails in a civil action against the United States may seek an award of fees and costs under the EAJA, 28 U.S.C. §2412, the purpose of which "is to eliminate for the average person the financial disincentive to challenge unreasonable governmental actions." Comm'r, I.N.S. v. Jean, 496 U.S. 154, 163 (1990) (citing Sullivan v. Hudson, 490 U.S. 877, 883 (1989)). In order for an award of attorney's fees to enter, this Court must find (1) that plaintiff is a prevailing party, (2) that the Commissioner's position was without substantial justification, (3) that no special circumstances exist that would make an award unjust, and (4) that the fee petition was filed within thirty days of final judgment. See 28 U.S.C. §2412(d)(1)(B).

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).[1] The Court has the discretion to determine what fee

---

[1] The Hensley Court interpreted 42 U.S.C. §1988, which permits for the recovery of a reasonable attorney's fee by a prevailing plaintiff. Id. at 426; see 42 U.S.C. §1988. The "standards set forth in [Hensley] are generally applicable in all cases in which Congress has authorized an award of fees to a prevailing party." Hensley, 461 U.S. at 433 n.7 (quotation marks omitted).

is reasonable. See id. at 437. This Court has a duty to review plaintiff's itemized time log to determine the reasonableness of the fee requested and to exclude hours "that are excessive, redundant, or otherwise unnecessary[.]" Id. at 434. "Determining a reasonable attorney's fee is a matter that is committed to the sound discretion of a trial judge[.]" Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 558 (2010) (quotation marks and citation omitted).

In determining whether the amount of time billed is reasonable, "[g]enerally, district courts in this Circuit have held that a routine social security case requires from twenty to forty hours of attorney time." Hogan, 539 F. Supp. 2d at 682; see also Cobb v. Astrue, No. 3:08CV1130(MRK)(WIG), 2009 WL 2940205, at *3 (D. Conn. Sept. 2, 2009). "Relevant factors to weigh include the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings." Rodriguez v. Astrue, No. 3:08CV154(JCH)(HBF), 2009 WL 6319262, at *3 (D. Conn. Sept. 3, 2009), approved in relevant part, 3:08CV154(JCH), 2010 WL 1286895 (D. Conn. Mar. 29, 2010).

Here, the Court finds that plaintiff has satisfied the requirements of 28 U.S.C. §2412(d)(1)(B), and that an award of

fees and costs may enter. Specifically, the Court finds, absent objection: (1) plaintiff is a prevailing party in light of the Court's order remanding this matter for further administrative proceedings; (2) the Commissioner's position was without substantial justification; (3) on the current record, no special circumstances exist that would make an award unjust; and (4) the fee petition was timely filed.[2] See 28 U.S.C. §2412(d)(1)(B). The Court next turns to the reasonableness of the fees sought.

In this case, plaintiff's counsel seeks reimbursement for a total of 21.75 hours for preparing the underlying appeal, at a rate of $196.25 per hour. See Doc. #26 at 1. Plaintiff's counsel also seeks reimbursement for two hours spent in preparing the instant motion for attorney's fees pursuant to the EAJA, at the same rate. See id. While the transcript in this case was comprised of 389 pages and was therefore relatively short, plaintiff's counsel submitted a well-reasoned brief. Further, counsel did not represent plaintiff during the administrative proceedings, and thus had to familiarize himself with the record

---

[2] Plaintiff's motion is timely as she filed it within thirty days after the time to appeal the final judgment had expired. See Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991) ("[A] 'final judgment' for purposes of 28 U.S.C. §2412(d)(1)(B) means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received. The 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired.").

prior to briefing. See, e.g. Lechner v. Barnhart, 330 F. Supp. 2d 1005, 1012 (E.D. Wis. 2004); cf. Barbour v. Colvin, 993 F. Supp. 2d 284, 291 (E.D.N.Y. 2014).

Accordingly, the Court finds that the time spent of 21.75 attorney hours on the underlying motion, and two hours on the motion for attorney's fees is reasonable, particularly in light of the parties' agreement, which adds weight to the claim that the fee award claimed is reasonable. Therefore, an award for the stipulated amount of $3,430.50 for fees and $400.00 in costs is appropriate. Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act [Doc. #26] is **GRANTED**, and the parties' Stipulation [Doc. #27] is **SO ORDERED.**

SO ORDERED at New Haven, Connecticut, this 23rd day of November 2016.

_____/s/_____
Hon. Sarah A. L. Merriam
United States Magistrate Judge